IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| VAL BYRD, | : | 1:10-cv-2247 |
| --- | --- | --- |
| Petitioner, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| WILLIAM SCISM, LSCI ALLENWOOD WARDEN, | : | |
| Respondent. | : | |

# **MEMORANDUM**

## **November 22, 2010**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Martin C. Carlson (Doc. 3), filed on November 2, 2010, which recommends that the petition of Val Byrd ("Byrd"), for writ of habeas corpus be denied without prejudice so that Byrd may file a new civil action. No objections to the R&R have been filed by any party.[1] For the reasons set forth below, the Court will adopt the R&R.

---

[1] Objections were due by November 19, 2010.

1

## I. STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater*, 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II. BACKGROUND

Byrd, proceeding *pro se*, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Byrd, a federal prisoner currently incarcerated at the Allenwood Low Security Correctional Institution in White Deer, Pennsylvania ("LSCI-Allenwood"), complains that he has been denied quality care for a spinal

2

condition while incarcerated at LSCI-Allenwood. However, Byrd attaches documents to his petition which plainly state that in October, 2010, he underwent an outside medical consultation revealed no medical concerns which required immediate treatment. Nonetheless, he insists he needs immediate medical treatment and seeks to have this Court to issue a writ to order either his release, or to prescribe specific prison transfers and medical treatment for him.

### III. DISCUSSION

Within the R&R, Magistrate Judge Carlson thoroughly reviews the claims set forth by Byrd and correctly concludes that the petition is subject to dismissal because it misconstrues the scope and reach of the writ of habeas corpus. Particularly, Byrd is attempting to use the writ to secure relief relating to the conditions of his confinement, which is not the purpose served by habeas corpus. Rather, habeas corpus exists to allow those in custody to challenge the fact, duration and lawfulness of that custody. Thus, if a prisoner is attacking something other than the fact or length of his confinement, a writ of habeas corpus is not an appropriate or available federal remedy. *Presier v. Rodriguez*, 411 U.S. 475, 494 (1973).

As Magistrate Judge Carlson cogently notes, if Byrd has any legal recourse with regards to his complaints, it would be through a *Bivens* civil rights action

3

challenging his medical care. Magistrate Judge Carlson appropriately recommends the instant action be dismissed without prejudice so that Plaintiff may, should he elect to do so, file such a civil rights complaint regarding his allegations.

As we have already mentioned, neither party has filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not further rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case <u>sub judice</u>. An appropriate Order shall issue.